UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAWRENCE M. BOKER,

    Plaintiff,

v.                                                         Case No. 3:18-cv-2384-RV/MJF

P NOLES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the order to show cause issued by the undersigned on July 12, 2019. (Doc. 19). For the reasons set forth below, the undersigned recommends that the present action be dismissed without prejudice for failure to pay the filing fee and failure to comply with two court orders.[1]

### I. Background

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC") proceeding *pro se* and *in forma pauperis*, commenced this case by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff is suing the Warden and four

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

prison classification officers at the Santa Rosa Annex, and the Secretary's Representative. (Doc. 1 at 2-3). Plaintiff claims that Defendants violated his constitutional rights by failing to protect him. Specifically, Plaintiff alleges that he was threatened by gang members after he informed them that he was quitting the gang. Plaintiff alleges that the Defendants failed to protect him insofar as they allegedly failed to take him before the institution classification team until December 14, 2018, and then refused to place him in protective management. (Doc. 1 at 7-10).

Plaintiff also filed a motion for leave to proceed *in forma pauperis*. On December 19, 2018, Chief United States Magistrate Judge Elizabeth M. Timothy denied the Plaintiff's motion and directed Plaintiff to either submit a completed motion to proceed *in forma pauperis* or pay $400.00 ($350.00 filing fee + $50.00 administrative fee). Judge Timothy imposed a deadline of January 18, 2019. Plaintiff subsequently requested an extension of time. (Doc. 5). Judge Timothy granted the extension and extended Plaintiff's deadline to comply to February 19, 2019.

On March 5, 2019, approximately two weeks after Plaintiff's deadline passed, the undersigned issued an order directing Plaintiff to show cause for his failure to comply with Judge Timothy's orders. (Doc. 9). Plaintiff subsequently filed a completed motion to proceed *in forma pauperis*. (Doc. 10). The undersigned granted Plaintiff's motion to proceed *in forma pauperis* and assessed an initial partial filing fee of $3.83. (Doc. 12). The undersigned provided Plaintiff with thirty days to

pay the initial partial filing fee. (*Id.*). Plaintiff filed a motion for extension of time to comply. (Doc. 15). On April 11, 2019, the undersigned granted the motion to comply and imposed a deadline of May 16, 2019. (Doc. 16). Plaintiff again filed a motion for extension of time. (Doc. 17). On May 29, 2019, the undersigned granted the motion and imposed a deadline of June 28, 2019. (Doc. 18).

Plaintiff did not pay the initial partial filing fee by June 28, 2019. Accordingly, on July 12, 2019, the undersigned issued an order directing Plaintiff to show cause why he had failed to pay the initial partial filing fee. (Doc. 19). The undersigned imposed a thirty-day deadline and warned Plaintiff that his failure to respond to the order likely would result in dismissal. (*Id.*). As of the date of this report and recommendation, Plaintiff has failed to respond or pay the initial partial filing fee.

## II.   Discussion

The undersigned recommends that this court dismiss Plaintiff's complaint for two reasons: (1) Plaintiff failed to pay the filing fee; and (2) he failed to comply with two court orders.

### A.   **Failure to Pay the Initial Partial Filing Fee**

The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA"), was enacted "[i]n an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). In pursuit of that goal, the PLRA amended portions of 28 U.S.C. § 1915 to

require the payment of filing fees by prisoners proceeding in the district court. *Id.* The PLRA "clearly and unambiguously requires" payment of the filing fee, even if that is done in installments. *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (quoting 28 U.S.C. § 1915(b)(1)); *see Wilson v. Sargent*, 313 F.3d 1315, 1318 (11th Cir. 2002) (citing 28 U.S.C. § 1915(3)(b)(1)). Thus, a "party who files . . . a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*." N.D. Fla. Loc. R. 5.3.

Local Rule 41.1 for the Northern District of Florida provides that "the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party fails to comply with an applicable rule or court order. N.D. Fla. Loc. R. 41.1. Before a court may dismiss an action for failure to pay the filing fee, however, the court must first afford the plaintiff an opportunity to explain the failure. *See Wilson*, 313 F.3d at 1320-21; *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). If a prisoner-litigant "does not comply with the district court's directions" to pay the initial partial filing fee, the district court may dismiss the case for want of prosecution. *Bomer v. Lavigne*, 76 F. App'x 660, 661 (6th Cir. 2003).

Here, the undersigned ordered the Plaintiff to pay the initial partial filing fee of $3.83. (Doc. 12). The undersigned warned the Plaintiff that the failure to pay

likely would result in dismissal of this action. The undersigned subsequently granted Plaintiff two extensions of the deadline to pay. After his failure to comply with the court's order by the extended deadline, the undersigned issued an order to show cause, giving the Plaintiff thirty days to explain why he failed to pay the initial partial filing fee. (Doc. 19); *See Wilson*, 313 F.3d at 1320-21; *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). In that order, the undersigned again warned the Plaintiff that his failure to pay the filing fee or explain his failure to comply with the court's previous order likely would result in dismissal of this action. (Doc. 19). Despite these warnings and an opportunity to explain his failure to comply, Plaintiff has neither explained his failure nor paid the filing fee. For this reason, the undersigned recommends that this case be dismissed without prejudice.

### B.   Failure to Comply with Court Orders

The Plaintiff's failure to comply with two court orders is yet another reason to dismiss this case.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1. "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*,

556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances"). For this reason, too, dismissal without prejudice is appropriate.

### C. **Factors Warranting Dismissal**

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** The undersigned issued the order for the Plaintiff to pay the initial partial filing fee on March 15, 2019. On May 29, 2019, the undersigned extended the deadline to pay the filing fee to June 28, 2019 (Doc. 18). Plaintiff failed to comply. On July 12, 2019, approximately four months after the initial order, the undersigned issued an order to show cause and

gave the Plaintiff another thirty days to comply. (Doc. 19). Plaintiff also has not complied with that order.

**(2) Plaintiff's failure to comply with two orders.** The Plaintiff has failed to comply with two orders:

    a.    the order issued on May 29, 2019; and

    b.    the order issued on July 12, 2019.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not responded and has not complied with the undersigned's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, Plaintiff may elect to refile his claim should he choose to pursue it in the future. Thus, dismissal will not result in substantial prejudice to him.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The

Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that filing fees are paid and that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining open.

**(6) The public policy favoring disposition of cases on their merits.** Plaintiff has not made any effort to pay the initial partial filing fee or respond to the undersigned's orders. The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition, the need to ensure that filing fees are paid, and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Plaintiff has failed to comply with two court orders. His past conduct suggests that he likely would ignore any further orders to comply. Insofar as he is already incarcerated and presumably indigent, it is unlikely that imposition of a fine or a finding of contempt would motivate the Plaintiff. Dismissal is the most appropriate sanction to address the important interests discussed above.

### III.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to pay the initial partial filing fee and failure to comply with two court orders.

2. The clerk of the court be directed to close the case file.

At Panama City, Florida, this 30th day of August, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**